UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LAWRENCE NELSON,

    Petitioner,

v.                                       Case No. 8:07-cv-854-T-17MSS

SECRETARY, DEPARTMENT OF
CORRECTIONS,

    Respondent.
_____/

## ORDER

This cause comes before the court on Lawrence Nelson's ("Nelson") Petition for Writ of Habeas Corpus under 18 U.S.C. § 2254 filed on May 18, 2007 (Dkt. 1) and the Secretary of the Department of Corrections ("DOC") response thereto. (Dkt. 6). For the reasons set forth below, Nelson's petition will be **DENIED**.

## PRODEDURAL HISTORY

In March 1995, Nelson was charged in Hernando County Circuit Court ("HCCC") with four counts of attempted sexual battery upon a person age twelve or younger. (Case No. 94-611-CF, Dkt. 8 App. A at 1-2). On March 15, 1995, Nelson signed a written plea agreement stating that he would plead nolo contendere to the charged crimes. (Dkt. 8 App. A at 3-10).

Furthermore, he understood that his crimes carried a maximum penalty of sixty years in prison. (Dkt. 8 App. C at 15). The trial court accepted the plea and Nelson was adjudicated guilty. (Dkt. 8 App. A at 11, C at 22-24). Nelson was sentenced as a habitual offender to twenty years imprisonment on each count, with each term running concurrently. (Dkt. 8 App. C at 24-25). Nelson did not appeal his judgment or sentence.

Nelson filed a Motion for Post-Conviction Relief on or about February 13, 1996, alleging ineffective assistance of counsel. (Dkt. 8 App. A at 25-32). On March 5, 1996, HCCC denied Nelson's motion, which Nelson did not appeal.

On September 18, 1996, the State of Florida filed a Motion for Written Order Declaring the Defendant a Sexual Predator. (Dkt. 8 App. B at 1-2). The motion was granted on October 4, 1996. (Dkt. 8 App. B at 3). In February 1997, Nelson and other defendants similarly situated appealed the declaration to the Florida Fifth District Court of Appeal ("5th DCA"), arguing that the sexual predator classification violated the separation of powers doctrine and the constitutional prohibition against ex post facto laws. (Dkt. 8 App. B at 6-22). In March 1997, the State filed an answer brief refuting those claims. (Dkt. 8 App. B. at 23-30). The 5th DCA affirmed its decision, finding that the sexual predator designation did not violate the petitioners' constitutional rights because the registration statutes act to regulate behavior and cannot be considered punishment subject to constitutional ex post facto challenges. (Dkt. 8 App. B 31-32). The mandate issued on October 15, 1997. *See Fletcher v. State*, 699 So. 2d 346 (Fla. 5th Dist. Ct. App. 1997). The Florida Supreme Court denied review by order on January 27, 1998. *See Fletcher v. State*, 707 So. 2d. 1124 (Fla. 1998).

On or about December 2, 1999, Nelson filed a Petition for a Writ of Mandamus, which was denied. (Dkt. 8 App. D. at 2). On or about November 13, 2006, Nelson filed a Motion to Correct Illegal Sentence (Dkt. 8 App. C at 1-4), to which the State responded on December 20, 2006. (Dkt. 8 App. C at 7-8). The motion was denied by HCCC on January 27, 2007 (Dkt. 8 App. C at 29-32). Nelson filed a timely appeal, which the 5th DCA affirmed per curiam on April 24, 2007 without requiring a response from the State. (Fla. 5th Dist. Ct. App. 2007).

Nelson signed his federal Petition for Writ of Habeas Corpus on May 17, 2007. (Dkt. 1). He raised three grounds for relief.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996 amended 28 U.S.C. § 2244(d) effective April 24, 1996. Section 2244(d)(1)(A) requires that a petition filed in federal court by a person in custody pursuant to the judgment of a state court must be filed within one year from the date the conviction became final.

Nelson's conviction became final on April 14, 1995, prior to the AEDPA's effective date. The 11th Circuit held that those whose convictions became final prior to the new amendment had from April 24, 1996 to April 23, 1997 to file a federal habeas petition. *Goodman v. United States*, 151 F.3d 1335, 1337-38 (11th Cir. 1998). Nelson's petition was filed in May 2007, more than ten years after the time had passed for him to file a timely petition.

The Court will not count any time during which a properly filed application for State post-conviction or collateral review is pending on a relevant judgment or claim. 28 U.S.C. § 2244(d)(2). However, Nelson's appeal of the state order declaring him a sexual predator could not affect his judgment and sentence, so it did not toll the one-year period as described in 2244(d)(2). The Florida Supreme Court denied review of that cause in January 1998. Even if the one-year period did toll, Nelson did not file another collateral motion in state court until November 2006, more than eight years later.

Nelson's petition is untimely filed under the AEDPA. He has not established that he acted diligently to warrant equitable tolling, nor has he established that he meets the exceptions described in § 2244(d)(1)(B)-(D).

Accordingly, the Court orders:

That Nelson's petition for writ of habeas corpus (Dkt. 1) is **DENIED**. The clerk is directed to enter judgment against Nelson and to close this case.

IT IS FURTHER ORDERED that Nelson is not entitled to a certificate of appealability.

3

A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability ("COA"). *Id.* "A [COA] may issue. . .only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(d)(2). To make such a showing, the defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Trennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement proceed further,'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Nelson has not made the requisite showing in these circumstances.

Finally, because Nelson is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida on August 8, 2007

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: Mary G. Jolley, Assistant Attorney General
Lawrence Nelson

4